**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV76-V-2
(5:04CR5-1-V)**

| | | |
|---|---|---|
| **MARVIN HAROLD WITHERSPOON,** ) | | |
|     Petitioner, ) | | |
| ) | | |
|    v. ) | | **ORDER** |
| ) | | |
| **UNITED STATES OF AMERICA,** ) | | |
|     Respondent. ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed June 17, 2010 (Doc. No. 1).

### I. PROCEDURAL BACKGROUND

A review of pertinent Court records reflects that on November 8, 2004, Petitioner pled guilty, pursuant to a written plea agreement, to a charge that he had induced and aided and abetted the inducement of a person under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been transported in interstate commerce, all in violation of 18 U.S.C. §§ 2251(a) and 2. (Criminal Case No. 5:04CR4-V, Doc. No. 51). On June 21, 2005, this Court sentenced Petitioner to a mandatory minimum 120-month term of imprisonment. The Court's Judgment was filed on July 12, 2005;

however, Petitioner did not appeal from that Judgment. (Id., Doc. No. 68).

Instead, on February 22, 2007, Petitioner filed his first Motion to Vacate raising three claims for relief, two of which related to an alleged violation of his rights under Brady v. Maryland, 373 U.S. 83 (1963).[1] (Civil Case No. 5:07CV21-V-3, Doc. No. 1). Although Petitioner conceded that said Motion to Vacate was untimely filed, he argued that his claims were cognizable under 28 U.S.C. § 2255(4) because they were based upon his then-recent discovery of the key witnesses' prior adjudication of incompetency. (Id. at 4). The Government conceded that the two claims which were based upon Petitioner's discovery of the witness's incompetence were timely filed, but also argued that the third claim -- which related to counsel's handling of a suppression issue -- was not based upon new evidence and, therefore, was time-barred. (Id., Doc. 10 at 12-13).

The Court agreed with the Government and addressed only the merits of Petitioner's two Brady-based claims. Nevertheless, on November 12, 2008, the Court entered an Order rejecting the two

---

[1] Specifically, Petitioner alleged that: (1) the Government had committed prosecutorial misconduct and a Brady violation by failing to disclose that the victim, a key witness against him, had been found to be mentally incompetent in an unrelated estate proceeding that pre-dated Petitioner's entry of his guilty plea; (2) his attorney was ineffective for failing to request a competency hearing for that victim based upon such circumstance; and (3) his attorney was ineffective for failing to seek the suppression of the evidence found at his residence.

2

Brady claims for their lack of merit and dismissing the third claim as untimely filed. (Id., Doc. No. 77). Petitioner appealed that Order but his appeal was dismissed by the Fourth Circuit Court of Appeals. United States v. Witherspoon, 308 Fed. App'x 734 (4th Cir. Jan. 26, 2009).

On January 9, 2009, Petitioner returned to this Court and filed his first Motion for Relief of Judgment under Fed. R.Civ. P. 60(b)(6) in connection with his first Motion to Vacate. (Civil Case No. 5:07CV21, Doc. No. 22). Such Motion reportedly was filed to "clarify" Petitioner's argument about the timeliness of his claim that counsel was ineffective in his handling of the suppression issue, and to amend that claim to argue that Petitioner did not discover the facts and/or law applicable to the claim until the time when he discovered the evidence pertaining to his two Brady-based claims. (Id. at 1). However, this Court determined that the Motion for Relief had to be denied inasmuch as the Fourth Circuit already had implicitly rejected the new arguments when it denied Petitioner's appeal. (Id., Doc. No. 23).

Next, on April 6, 2009, Petitioner filed his second Motion for Relief of Judgment under Fed. R.Civ. P. 60(b)(2) and (b)(3) in which he attempted to continue his Brady arguments on the basis of certain additional, newly discovered evidence. (Id.,

3

Doc. No. 25). On April 23, 2009, Petitioner filed a third Motion for Relief Judgment under Fed. R.Civ. P. 60(b)(1) rehashing his arguments about the timeliness of his claim that counsel mishandled the suppression issue. (Id., Doc. No. 26).

By an Order filed May 4, 2009, the Court determined that Petitioner's second Motion for Relief of Judgment (Doc. No. 25) actually was a thinly-veiled successive motion for which he needed to obtain pre-filing authorization from the Circuit Court. (Id., Doc. No. 27). Therefore, the Court dismissed that second Motion for Relief of Judgment. (Id.). Likewise, on May 4, 2009, this Court filed a separate Order dismissing Petitioner's third Motion for Relief of Judgment (Doc. No. 26) as another unauthorized successive motion. (Id., Doc. No. 28).

On May 18, 2009, Petitioner filed a Motion to Alter or Amend Judgment under Fed. R.Civ. P. 59(e) combined with an Application for a Certificate of Appealability and a Notice of Appeal. (Id., Doc. No. 29). On May 26, 2009, the Court entered an Order dismissing Petitioner's Rule 59(e) Motion and transmitting the balance of that Motion to the Circuit Court for resolution. (Id., Doc. No. 32). On appeal, the Circuit Court declined to grant Petitioner a certificate of appealability, and further construed his notice of appeal as an informal application for permission to file a successive motion to vacate, which motion

the Circuit Court denied.  United States v. Witherspoon, 353 Fed. App'x 844 (Nov. 24, 2009).

Petitioner once again returned to this Court and filed another Motion for Relief of Judgment under Rule 60(b)(2) and (b)(3).  (Id., Doc. No. 37).  Not surprisingly, however, the Court determined that Petitioner's attempt to raise new grounds for his claims of Brady error and ineffective assistance of counsel were successive and unauthorized.  (Id., Doc. No. 38).  Therefore, the Court dismissed that Motion.  (Id.).

Undaunted, Petitioner has again returned to this Court on, not another Rule 59 or 60(b) motion, but on a new Motion to Vacate.  This new Motion alleges, in part, new violations of Petitioner's rights under Brady –- that the Government violated his due process rights by failing to both advise him of the victim's incompetence and that such witness was going to receive payment for his testimony "in a criminal matter involving [Petitioner]"; and that the prosecutor violated his Fourth and Fifth Amendment rights by failing to disclose such Brady information.  (Doc. No. 1 at 4 and 7).  Petitioner's Brady allegations are based upon his representations that in November 2009, a North Carolina Court reportedly entered an Order stating that "the Government knew of the incompetency of [the] witness . . . and [that] he would be receiving funds for being a witness. . .

5

This information was not disclosed to the prosecutor, the Court nor the defendant." (Id. at 4). In addition, Petitioner's new Motion to Vacate seeks to resurrect his earlier claim that counsel was ineffective for his handling of the suppression issue, this time arguing that counsel "failed to realize the search warrant failed to meet the threshold requirements of identifying with specificity the items to be seized and . . . failed to provide probable cause . . . ." (Id. at 5).

Having previously been made aware that his allegations would be subject to dismissal as unauthorized, successive claims, Petitioner has attempted to explain why such Motion did not require pre-filing authorization. To that end, Petitioner states that:

> This petition is not required to meet the gatekeeping requirement of AEDPA. AEDPA does not define what constitutes a second or successive petition. This petition does not present claims that were or could have been raised in an earlier petition. Application of the gatekeeping provision to deny a resubmitted petition in this case would effectively preclude any federal habeas review and thus conflict with the doctrine of writ-abuse as understood before and after Felker v. Turpin, 135 L.Ed. 2d 827, 518 U.S. 51 (1996). The Petitioner did not possess or by reasonable means could have obtained sufficient basis to allege these claims in the first petition. McCleskey v. Zant, 113 L.Ed. 2d 517 (1991).

Notwithstanding Petitioner's argument to the contrary, however, the Court has determined that the instant Motion to Vacate did

6

require pre-filing authorization.

## II. **ANALYSIS**

Although Petitioner is correct, as the Fourth Circuit has noted, that "[t]he AEDPA amendments to § 2255 do not define the phrase second or successive," In re Taylor, 171 F.3d 185, 187 (4th Cir. 1999) (internal quotation marks and citations omitted), the legal precedent which guides the application of this amendment makes it clear that the instant Motion is precisely the type for which pre-filing authorization was intended.

First, Rule 9 of the Rules Governing Section 2255 Proceedings For The United States District Courts states that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion . . . ." In particular, 28 U.S.C. § 2255(h) provides that:

> a second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

7

Thus, in light of the Petitioner's assertion that his claims are, at least in part, based upon new evidence, the foregoing language strongly suggests that he should have obtained pre-filing authorization before presenting the claims to this Court.

Second, while "it is settled law that not every numerically second petition is a second or successive petition within the meaning of the AEDPA," Wise v. United States, 2010 WL 1816270 (N.D. W.Va. April 6, 2010), the Motion before the Court does qualify as a successive motion. That is, the Fourth Circuit has stated that a petition or motion typically will be deemed to be second or successive when, as here, it is filed subsequent to the conclusion of a proceeding that has been adjudicated on the merits or dismissed with prejudice. Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002) (dismissal of habeas petition for procedural default is a dismissal on the merits for purposes of determining whether subsequent petition is second or successive); see Thai v. United States, 391 F.3d 491, 495 (2d Cir. 2002) (2004) (withdrawal of petition upon concession that it lacks merit "is akin to a dismissal on the merits and subsequent petitions will count as successive under AEDPA.").

Furthermore, in United States v. Winestock, 340 F.3d 200 (4th Cir. 2003), the Court explained that the term "second or successive" pertains both to those claims which are presented for

the first time in a second application and to those which were presented in a previous application; and that in both instances, Rule 9 requires the petitioner to obtain pre-filing authorization from a circuit court before attempting to raise such claims in district court.  Id. at 204.  Winestock, which primarily was concerned with distinguishing between a successive claim and a properly filed request for reconsideration under Fed.R.Civ.P. 60(b), further explained that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition.  Id. At 207.  Indeed, "new legal arguments or proffers of additional evidence will usually signify that the prisoner is . . . continuing his collateral attack on his conviction or sentence" and, therefore, must secure pre-filing authorization for that attack.  Id.

Here, Petitioner's first form Motion to Vacate raised three claims, two of which were denied for lack of merit and the other of which was rejected as time-barred.  Consequently, that first Motion to Vacate must be counted against Petitioner as an actual first habeas motion for purposes of determining whether the instant Motion to Vacate is successive.  Furthermore, Petitioner's new Motion to Vacate, similar to the successive post-judgment motions which he filed in his first habeas case, seeks to raise both old and new alle-gations of Brady violations and

9

ineffective assistance of counsel.  Under these circumstances, it is clear that this is a successive Motion for which Petitioner was required to secure pre-filing authorization.  See <u>Winestock</u>, 340 F.3d at 207.

### III.  <u>CONCLUSION</u>

Petitioner has neither sought nor obtained pre-filing authorization for this successive Motion to Vacate.  In the absence of that authorization, this Court lacks the authority to entertain this Motion.  Therefore, the Motion will be <u>dismissed</u> without prejudice to Petitioner's right to re-file it should he secure the necessary authorization from the Fourth Circuit Court of Appeals.

### IV.  <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a)of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assess-ment of the constitutional claims debatable or

wrong) (citing Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)).

**SO ORDERED.**

Signed: June 28, 2010

Richard L. Voorhees
United States District Judge