IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO.: 5:04CR5-RLV
CIVIL NOs.: 5:07CV21-RLV; 5:10CV76-RLV

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MARVIN HAROLD WITHERSPOON, ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon post-conviction motions filed by Defendant Marvin Harold Witherspoon ("Witherspoon") challenging his conviction and sentence in the above-captioned criminal action. (Docs. 94, 98) Although filed in the criminal case (per Witherspoon's characterization of his filing), the nature of Witherspoon's request is civil (*i.e.*, habeas) and more properly dealt with in that context.

## I.

On November 8, 2004, pursuant to a written Plea Agreement with the Government, Witherspoon tendered a guilty plea to one violation of 18 U.S.C. §§2251(a) and 2.[1] Witherspoon was sentenced to a term of 120 months, the statutory minimum, to be followed by 3 years supervised release. Judgment was entered on July 12, 2005. Defendant did not exercise his right to direct appeal.

In 2007, Witherspoon challenged his conviction and sentence in a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (*See Witherspoon v. United States*,

---

[1] The offense under Title 18, United States Code, Section 2251(a) consists of inducing a person under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been transported in interstate commerce. Title 18, United States Code, Section 2 is the aiding and abetting statute.

WDNC Civil No. 5:07CV21 / Doc. 1) Witherspoon had a timely "newly discovered evidence" claim under Brady v. Maryland[2] that was addressed on its merits. Witherspoon alleged that the Government engaged in prosecutorial misconduct in failing to disclose that the victim – who would have been a key witness for the Government had the case gone to trial – had been deemed incompetent in an earlier state proceeding. In response, the Government presented evidence establishing that this fact was not made known to the federal prosecutor assigned to the case or the federal law enforcement officers who had investigated the case. The undersigned found Witherspoon's Brady challenge without merit.[3] (Doc. 16) The Fourth Circuit Court of Appeals affirmed. (USCA Case No. 08-8484 / Doc. 8)

In 2010, Witherspoon filed a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (*See Witherspoon v. United States*, WDNC Civil No. 5:10CV76 / Doc. 1) The 2010 Motion to Vacate included an additional "newly discovered evidence" argument to support Witherspoon's previous unsuccessful Brady claim. In the 2010 filing, Witherspoon proffered evidence that federal authorities, in fact, knew of the state court's earlier determination of incompetency as a result of a hearing held in state court before Superior Court Judge Timothy Patti on August 15, 2008. The hearing before Judge Patti was in connection with Witherspoon's Motion for Appropriate Relief in state court. More specifically, Witherspoon represented:

> that Judge Patti found, based on evidence presented to him on August 15, 2008,

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Following this Court's original unfavorable habeas decision (addressing Defendant's first Section 2255), Witherspoon has filed no less than five (5) motions seeking reconsideration pursuant to one or both of Rules 59 or 60(b) of the Federal Rules of Civil Procedure. (5:07CV21 / Docs. 22, 25-26, 29, 37)

> that SBI Agent Ginger Davis and US Postal Service Agent Lisa Holman knew the
> witness Kenneth Derrick Hoyle had been declared mentally incompetent and
> failed to disclose this information to the District Attorney . . . .

(5:07CV21 / Doc. 38, at 3) Witherspoon's state court conviction was vacated on November 12, 2009. (Doc. 98, at 2). Witherspoon argued that the state court determination presented grounds for reconsidering the federal habeas proceedings.

Witherspoon's Motion to Vacate was found to be a "successive application" subject to the Certificate of Appealability prerequisite and dismissed without prejudice as not properly before the district court. (Doc. 2) The Fourth Circuit dismissed Witherspoon's appeal finding that he had not made the necessary showing for issuance of a certificate of appealability. (USCA Case No. 10-7005 / Doc. 8)

## II.

The current "Motion for Adjudication" raises one of the same issues Witherspoon brought to the Court's attention in 2010, namely, that contrary to the Government's representation in response to his original Brady claim (brought in 2007 via his original 2255), one or more federal agents (*i.e.*, US Postal Service Agent Lisa Holman) knew about the victim's prior adjudication of incompetency.[4] Witherspoon contends, as he did in 2010, that the knowledge of the federal postal service agent is necessarily imputed to the Assistant United States Attorney. Consequently, the instant criminal filing asserts that this Court's decision to dismiss both of the earlier §2255 petitions was based upon an erroneous or false factual

---

[4] The adjudication of mental incompetency apparently was in connection with an unrelated estate proceeding that pre-dated Witherspoon's entry of his federal guilty plea. (2/22/07 Motion to Vacate, at 4) (defense counsel reported to Witherspoon that "it would have been virtually impossible to locate the Order adjudicating [the alleged victim] incompetent because the Order had been filed in an "estate file," and not with the incompetency orders by the Clerk of Superior Court for Caldwell County, North Carolina.")

predicate.  (Doc. 98, at 1-2)  Witherspoon argues that the state court findings call into question the integrity of the federal proceedings and warrant a reopening of his § 2255.

Witherspoon overlooks the procedural hurdles his latest claim must clear.  Despite his multiple unsuccessful attempts to vacate his federal conviction via two Motions to Vacate, Set Aside, or Correct Sentence, Witherspoon now asserts *in his criminal case* that *his civil case(s)* must be reopened and re-adjudicated.[5]  As expressly stated in the Court's most recent ruling, this Court lacks the authority to reopen, reconsider, or re-adjudicate Witherspoon's collateral challenge to his conviction.  Accordingly, Witherspoon's motion is <u>denied</u> for the same reasons explained by the Court in its Orders issued on January 21st and June 28th of 2010, both of which are hereby incorporated by reference.[6]

### III.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Adjudication (Doc. 98) is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that any further frivolous, redundant or duplicative filings in this Court, whether filed by Defendant / Petitioner Witherspoon in the above-captioned criminal case or the related civil habeas action, may result in monetary or other appropriate sanctions.

---

[5] Witherspoon's strategy – bringing the motion in the closed criminal case –  is obvious as he has been advised more than once that the appellate court ***must*** issue a certificate of appealability in order for this district court to provide Defendant any further opportunity to be heard on these post-conviction issues.  (5:07CV21 / Docs.  27, 28, 38) (5:10CV76 / Doc. 2)

[6] Witherspoon's 2009 Motion to Alter or Amend Judgment under Rule 59(e) was transmitted to the Fourth Circuit for consideration and eventually construed by the appellate court as an informal application for permission to file a successive motion to vacate.  The Fourth Circuit declined to issue a certificate of appealability at that time as well.  (USCA Case No. 09-6970 / Doc. 14)

Signed: August 15, 2012

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge